# FRIEDMAN & GILBERT

ATTORNEYS AT LAW

GORDON S. FRIEDMAN

TERRY H. GILBERT

March 13, 2006

Ms. Kimberly A. Wessel
Federal Probation Officer
Carl B. Stokes U.S. Court House
801 W. Superior Avenue, Suite 3-100
Cleveland, OH 44113

   Re: United States of America v. James R. Blomquist
     Case No. 1:05CR00268-001

Dear Ms. Wessel:

  I am in receipt of your Presentence Investigation Report dated February 13, 2006. I am writing to request that (1) Lake County Cases 05CR000411 and 05CR000455 be treated as related to the instant case; (2) Defendant not be given any additional adjustment for his alleged role; and (3) the adjustment for obliterated serial numbers be removed.

  First, Lake County Cases 05CR000411 and 05CR000455 should be treated as related to the instant case, and therefore should not factor into Defendant's criminal history. Section 4A1.1(a) of the United States Sentencing Guidelines (USSG) provides that three criminal history points are added "for each prior sentence of imprisonment exceeding one year and one month." However, § 4A1.2(a)(2) provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a)." (emphasis added). Application Note 3 to USSG § 4A1.2 defines "related sentence." First, it provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."

  Here, Defendant was arrested on the same date (June 13, 2005) in Lake County Court of Common Pleas Cases 05CR000411 and 05CR000455. Presentence Investigation Report (PIR), p.16. That Defendant was only arrested once for both offenses is evident from the PIR, which states that Defendant was arrested at 9:15 p.m. on June 13, 2005—after hours of surveillance. PIR, p.16-17. Although Defendant was later "arrested" on July 8 for the instant federal offense, he was already in custody in Lake County Jail at the time he was arrested. The federal offenses for which he was arrested were all committed prior to the initial arrest on June 13, 2005. See PIR, pp.4-6. For an arrest to

Ms. Kimberly A. Wessel
Federal Probation Officer
March 13, 2006
Page 2

constitute an "intervening arrest," "the defendant [must be] arrested for the first offense prior to committing the second offense." USSG § 4A1.2, Application Note 3. Because Defendant did not commit any additional offenses after being initially arrested on June 13, 2005, his subsequent arrest by federal authorities is not an intervening arrest within the meaning of Application Note 3.

Application Note 3 further provides that "prior sentences are considered related if they resulted from offenses that . . . (B) were part of a single common scheme or plan . . . . . ." One factor indicating a single common scheme or plan is a common investigation by law enforcement officials. See, e.g., United States v. Emmert, 1998 U.S. App. LEXIS 17576 at *4 (6th Cir. 1998); United States v. Mills, 375 F.3d 689, 692 n.5 (8th Cir. 2004), Armstrong v. United States, 1995 U.S. App. LEXIS 17505 (10th Cir. 1995). Other factors include whether the crimes occurred in a close geographic proximity and whether they were prompted by the same motive. Emmert at *5.

In the instant case, state and federal law enforcement officers were conducting overlapping investigations of the crimes charged in the state and federal indictments. These cases could have easily been prosecuted in one case, but for strategic reasons, the ATF took the gun cases and the Eastlake Police pursued the check, RICO, and meth lab cases. In fact, the state authorities held back on prosecution to allow the ATF to pursue their sting regarding the machine guns. That there are different jurisdictions and case numbers was a prosecutorial choice, and should have no bearing on Defendant's criminal history. In addition, the offenses in the current case and in Lake County Cases 05CR000411 and 05CR000455 all occurred within Lake County—geographically, the smallest of Ohio's eighty-eight counties. PIR, pp. 7-11. That the offenses were all committed in one (small) county means they were committed within close geographic proximity. See United States v. Breckenridge, 93 F.3d 132, 134-135 (4th Cir. 1996) (finding close geographic proximity where crimes were committed in two adjoining counties); United States v. Poole, 47 Fed. Appx. 200, 205 (4th Cir. 2002) (discussing Breckenridge). Finally, the state and federal offenses were part of a single criminal enterprise, and therefore shared the same motive: (the use of fraud) to obtain weapons and drugs for sale in furtherance of Defendant's criminal enterprise. For these reasons, these cases are related to the instant offense and should therefore be removed from Defendant's criminal history.

Second, Defendant should not receive two additional points for his alleged role in the instant offense. USSG § 3B1.1(c) provides for a 2-level increase in a defendant's offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . . ." "The guideline does not define these roles, but the commentary lists several factors to be used in evaluating the defendant's degree of responsibility . . . ." United States v. Schmitz, 1997 U.S. App. LEXIS 21530, *2-3 (7th Cir. 1997). Specifically, Application Note 4 lists factors such as "the exercise of decision making authority, the nature of participation in the commission of the offense, . . . the claimed right to a larger

Ms. Kimberly A. Wessel
Federal Probation Officer
March 13, 2006
Page 3

share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."

Imposing additional points for role in this case is absurd, as there is absolutely no evidence that Defendant was the organizer, leader, or manager of anything. In fact, the enhancement cannot apply where, as here, the defendant is the only participant in the offense. United States v. Rowley, 975 F.2d 1357, 1364 n.6 (8th Cir. 1992). In fashioning the weapons, Defendant acted completely alone. The fact that the confidential informant (CS) allegedly provided Defendant with the dimensions of a pistol does not justify a different result, since the confidential informant is not a "participant" for purposes of §3B1.1. See Application Note 1 ("[a] person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant.").

As for the fraudulent purchases, Defendant was involved in joint activity with Lori Goodrich. However, Defendant's role was limited to identifying Goodrich and driving her to a location where she could purchase guns. PIR, p.8. At that point, Goodrich purchased the weapons at the direction of and was paid by an undercover agent. Furthermore, Goodrich—not Defendant—gave the weapons to the agents. Id. The agents—not Defendant—were dictating Goodrich's actions. Because Defendant did not exercise control over Goodrich, he was clearly not acting in a leadership role. See United States v. Johnson, 2006 U.S. App. LEXIS 718, *12 (6th Cir. 2006) (citations omitted) ("In order to warrant the leadership adjustment, the defendant must have had some degree of 'control' over another participant."). Since the undercover agents made the decisions concerning which weapon to purchase and whether to pay Goodrich, Defendant neither exercised any meaningful decision-making authority nor did he actively participate (other than to drive the agents and Goodrich). Furthermore, merely identifying Goodrich is not enough to subject Defendant to the §3B1.1(c) adjustment. See United States v. Onaro, 1999 U.S. App. LEXIS 33651 at *11 (7th Cir. 1999) ("Merely recruiting others . . . does not, in and of itself, demonstrate the leadership role contemplated by § 3B1.1.").

Similarly, Defendant's conduct in another instance—asking a confidential source to drive Goodrich to purchase weapons—is not indicative of a leader, organizer, manager, or supervisor. PIR p.10. The "adjustment does not apply to a defendant who merely suggests committing the offense." USSG 3B1.1, Application Note 4. Here, the CS was allegedly acting on Defendant's instructions. Defendant was not present to enforce the instructions, and therefore his "instructions" were little more than a suggestion. More importantly, even if Defendant's instructions could be construed as "control" within the meaning of § 3B1.1, they would not render Defendant a leader, since, as previously discussed, CS was not a participant. See Application Note 1. For these reasons, Defendant should not receive an additional two points for role.

Ms. Kimberly A. Wessel
Federal Probation Officer
March 13, 2006
Page 4

      Finally, the 2-point upward adjustment for obliterated serial numbers should be removed. The Government has agreed to this as there were no obliterated serial numbers.

      These changes will decrease Defendant's adjusted level by 4 points and his criminal history by 6 points, or by 2 categories. Therefore, instead of an adjusted level of 27 with criminal history IV, the proper number should be 23 with a criminal history II. Please make these changes to the Presentence Investigation Report as soon as possible. Thank you for your attention.

      Very truly yours,

      FRIEDMAN & GILBERT

      Terry H. Gilbert

THG/mm